OPINION OF THE COURT
David H. Guy, J.
On October 24, 2016, Mahfuzur Rahman, M.D., Acting Clinical Director of the Greater Binghamton Health Center (GBHC), petitioned this court for an order authorizing the involuntary treatment of Rachelle V., a patient at GBHC. The petition is supported by an affidavit of Bernardo Izaguirre, M.D., Ms. V.’s treating physician, detailing the treatments and procedures requested by GBHC for treatment of Ms. V. The petition is also supported by the affidavit of Xiaoying Chang, M.D., another psychiatrist at GBHC, who reviewed the decision of Dr. Izagu-irre to seek treatment over objection.
An order to show cause was signed by the court on October 25, 2016 and the matter was set down for hearing on October 31, 2016. The hearing was adjourned, without a new date, at the mutual request of the parties. The court requested a status update no later than November 21, 2016, and indicated that the matter could be put back on the court’s calendar at the request of either party. At the request of GBHC the matter was restored to the calendar.
*835 A hearing was held on the petition on December 1, 2016. Appearing were the New York State Attorney General, Douglas Squire, Esq., of counsel, on behalf of the petitioner; Dr. Bernardo Izaguirre, treating physician for Ms. V., on behalf of petitioner; Mental Hygiene Legal Service for the Third Department, Hollie S. Levine, Esq., of counsel, court appointed counsel to Ms. V.; and Ms. V.
The court heard testimony from Dr. Izaguirre in support of the petition. Following the presentation of petitioner’s case, counsel for Ms. V. moved to dismiss the petition on the grounds that the list of medications requested in the petition is not narrowly tailored; that the petitioner presented no evidence on the risk or treatment of side effects associated with the requested medications; and that the petitioner presented no testimony regarding less intrusive alternative treatments, or its balancing of potential side effects or alternative treatments with the benefits of the proposed treatment. Counsel also moved that even if dismissal is not warranted, that the requests set forth in section V of the petition for laboratory studies, physical examinations, diagnostic testing and transferability of any order to another facility in which Ms. V. may be treated (a “traveling” order) be denied for failure of petitioner to present any evidence on those aspects of the requested relief. In support of her motions, counsel cites Matter of Lucas QQ. (146 AD3d 92 [3d Dept 2016]).
Ms. V. did not testify. The court reserved and now renders decision. For the reasons set forth below, the petition is dismissed.
In order for the court to authorize involuntary treatment of an objecting patient, the facility must prove that (A) the patient lacks the capacity to make a reasoned decision with respect to the proposed treatment; and (B) the proposed treatment is narrowly tailored to give substantial effect to the patient’s liberty interests, taking into consideration all relevant circumstances, including (1) the patient’s best interests, (2) the benefits to be gained from the treatment, (3) the adverse side effects associated with the treatment, and (4) any less intrusive alternative treatments. The petitioner’s burden must be satisfied by clear and convincing evidence. (Rivers v Katz, 67 NY2d 485 [1986].)
GBHC has satisfied its burden with respect to Ms. V.’s lack of capacity to make a reasoned decision with respect to the proposed treatment. Dr. Izaguirre’s unrefuted testimony was that Ms. V. has poor insight, including denying her mental illness and need for medication, both historically and currently.
*836 The court also finds that the list of proposed medications is not overbroad (cf. Matter of Lucas QQ.). In Lucas QQ. the petition requested 28 various medications, including medications for symptoms and illnesses that the patient did not have. The requested list of medications was admittedly in violation of Office of Mental Health policy in that case.
Here, 15 medications are requested. Though that is not a small number, they are spread over three classes: seven are antipsychotics (including typical and atypical, short- and long-acting); three are for potential side effects from antipsychotics; and five are for treatment of bipolar and anxiety symptoms. Ms. V.’s undisputed diagnosis is bipolar disease, with psychotic features. She has an established history of successfully treating on medications from both the antipsychotic and bipolar classes. When compliant during this admission, she is again taking a medication from each class.
Dr. Izaguirre specifically testified that all of the requested medications are necessary, with alternative(s) in each class in the event the patient experiences serious side effects, or a lack of efficacy. Dr. Izaguirre testified that one medication historically prescribed to the patient was excluded from the petition because, on balance, it has not been successful for Ms. V. He excluded another medication from the list during his testimony.
Petitioner has failed to meet its burden of proof with respect to its consideration of the detriments of, or alternatives to, the proposed treatment. No testimony was offered on potential side effects associated with the proposed medications, nor with respect to a net expected positive impact from the medications when compared to potential side effects and any less intrusive alternatives. While those elements are included in the petition, the petition is not evidence. Evidence on all elements of petitioner’s burden of proof must be presented as part of its prima facie case-in-chief, in order for its evidentiary burden to be satisfied, even without any rebuttal evidence.
This analysis impacts two additional components of this petition. In Lucas QQ., the Third Department found that petitioner was not entitled to access to the patient’s prior psychiatric/medical records, or entitled to a “traveling” order, due to lack of “notice” to the patient of those aspects of the requested relief (Matter of Lucas QQ. at 96-97). That relief is specifically requested in the Lucas QQ. petition, though no related testimony was presented at the hearing. This court interprets the Lucas QQ. decision as requiring testimony on all *837 aspects of the relief requested in the petition, independent of the notice that the petition may provide. It is conceded no such testimony was given here. Thus, even if this petition were not dismissed, access to Ms. V.’s prior records and a “traveling” order would be denied.